IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN M. COLLARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: SAG-25-0041 |
| | * | |
| BANK OF AMERICA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff John M. Collard, as the personal representative for the estates of John L. Collard and Louise M. Collard ("Plaintiff"), filed this action against Bank of America ("BANA") in state court in Maryland. ECF 3. BANA removed the case to this Court, ECF 1, and has filed a motion to dismiss for lack of personal jurisdiction, ECF 9. Plaintiff filed an Opposition, ECF 10, and BANA filed a Reply, ECF 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, because the Court concludes that it lacks personal jurisdiction over BANA, the motion to dismiss will be GRANTED.

**I.    Factual Background[1]**

About thirty years ago, on April 19, 1995, John L. Collard and Louise M. Collard purchased three Certificates of Deposit ("CDs") from Barnett Bank of Tampa, investing a total of $120,498.05. ECF 3 ¶¶ 6, 7. The CDs provided for a three-year term but automatically renewed at their maturity. *Id.* ¶¶ 7, 8. Through a series of mergers, Barnett Bank of Tampa became part of BANA by 1999. ECF 3-2.

---

[1] The facts are derived from Plaintiff's Complaint, ECF 3, and are taken as true for purposes of this motion.

Louise M. Collard died in 2006 and John L. Collard died in 2015. *Id.* ¶ 12. Plaintiff became the personal representative of their estates. *Id.* Plaintiff recently discovered receipts documenting the purchase of the CDs and did not discover any evidence that the CDs had been redeemed, closed, or nonrenewed between their acquisition and his discovery. *Id.* ¶ 14. He presented the CDs and written notice of his intent to redeem them to BANA in Annapolis, Maryland. *Id.* ¶ 15. BANA has refused to honor the CDs. *Id.* ¶¶ 15–17. Plaintiff asserts claims for wrongful dishonor, conversion, breach of contract, and unjust enrichment. ECF 3. He seeks to recover the present value of the CDs, which he asserts would be between $288,239.26 and 831,391.94 as of the date the Complaint was filed. *Id.*

## II.     Legal Standards

BANA's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) challenges this Court's personal jurisdiction. Under Rule 12(b)(2), the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). When "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md.*, 334 F.3d at 396 (citing *Combs*, 886 F.2d at 676). To determine whether the plaintiff has met this burden, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. The court is not required to "look solely to the plaintiff's proof in drawing" all reasonable inferences in the plaintiff's favor, and may also look at the

2

defendant's proffered proof and assertions regarding the defendant's lack of contacts with the forum state.[2] *See Mylan Labs., Inc.*, 2 F.3d at 62 ("Thus, the district court correctly looked both to Mylan's and to Akzo's proffered proof").

Pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Carefirst of Md.*, 334 F.3d at 396. To exercise personal jurisdiction over a non-resident defendant, a court must determine that (1) the exercise of jurisdiction is authorized under the state's long-arm statute,; and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *Id.* When interpreting the reach of Maryland's long-arm statute, a federal district court is bound by the interpretations of the Maryland Court of Appeals. *See Carbone v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. RDB-15-1963, 2016 WL 4158354, at *5 (D. Md. Aug. 5, 2016); *Snyder v. Hampton Indus., Inc.*, 521 F. Supp. 130, 135–36 (D. Md. 1981), *aff'd*, 758 F.2d 649 (4th Cir. 1985); *see also Mylan Labs.*, 2 F.3d at 61 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 178 (1938)). Maryland courts have consistently held that Maryland's "long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution." *Beyond Systems, Inc. v. Realtime Gaming Holding Co., LLC*, 388 Md. 1, 15, 878 A.2d 567, 576 (2005); *see also Bond v. Messerman*, 391 Md. 706, 721, 895 A.2d 990, 999 (2006); *CSR, Ltd. v. Taylor*, 411 Md. 457, 472, 984 A.2d 492, 501 (2009). Nonetheless, both prongs must be satisfied in order to properly exercise personal jurisdiction. *Pinner v. Pinner*, 467 Md. 463, 479, 225 A.3d 433, 443 (2020).

---

[2] In this case, the parties appear to be in agreement about the facts relevant to this analysis: BANA operates 124 branches throughout Maryland; the Collards procured the CDs from Barnett Bank of Tampa in Florida; and Plaintiff brought his paperwork to a BANA branch in Annapolis, Maryland to attempt to redeem the CDs. The parties' jurisdictional dispute centers on legal questions, not factual ones.

Under the first prong, the plaintiff must typically identify a provision in the Maryland long-arm statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001) ("It is nonetheless necessary first to identify a specific Maryland statutory provision authorizing jurisdiction."). Under the second prong, "due process requires only that … a defendant … have certain minimum contacts … such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milleken v. Meyer*, 311 U.S. 457, 463 (1940)); *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 415 (4th Cir. 2002) This "minimum contacts" analysis depends on the number and relationship of a defendant's contacts to the forum state, and whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state. *Int'l Shoe*, 326 U.S. at 316-19.

Finally, a court may exercise two types of personal jurisdiction, "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 582 U.S. 255, 262 (2017). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

"Specific" jurisdiction, on the other hand, arises when there is an "affiliation[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" *Id.* at 919; *see also Carefirst of Md.*, 334 F.3d at 397. To assess specific jurisdiction, the Fourth Circuit considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3)

4

whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

### III.   Analysis

Where, as here, the defendant is a nonresident of the forum state, a federal district court may exercise personal jurisdiction only if "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir.1993). BANA contends that this Court lacks both general and specific personal jurisdiction to adjudicate this case against it in Maryland. ECF 9.

#### A.  General Jurisdiction

The operative question, for general jurisdiction, is whether BANA is "fairly regarded as at home" in Maryland. *Goodyear*, 564 U.S. at 924. Generally, for a corporation, that standard is met in (1) the state of incorporation, or (2) the state where the corporation has its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). Plaintiff concedes that BANA's principal place of business is in North Carolina and that it was incorporated in Delaware. *See* ECF 10-1 at 8; *see also* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.").

Applying that well-worn standard, courts regularly reject the notion that BANA is subject to general jurisdiction in states other than North Carolina, despite the existence of its financial centers nationwide. *See Estate of Winnig v. Bank of America, N.A.*, Civ. No. 18-cv-816, 2019 WL 1676012 (E.D. Wis. 2019); *U.S. Bank, N.A. v. Bank of Am., N.A.*, Civ. No. 14-cv-1492, 2015 WL

5971126 (S.D. Ind. 2015) ("At most, U.S. Bank has demonstrated that BANA's Indiana contacts are similar to the numerous other states in which BANA operates."), *rev'd on other grounds*, 916 F.3d 1343 (2d Cir. 2019); *Namer v. Bank of Am. N.A.*, Civ. No. 15-cv-3130, 2016 WL 1089352 (E.D. La. 2016); *In re Application of Carlton Masters*, 315 F. Supp. 3d 269 (D.D.C. 2018); *Jackson v. Bank of Am., N.A.*, Civ. No. 16-cv-787, 2018 WL 2381888 (W.D.N.Y. 2018). Plaintiff cites no cases reaching the opposite conclusion. This Court declines to deviate from the governing principle that would limit general jurisdiction in this matter to North Carolina or Delaware.[3] *See Daimler AG v. Bauman,* 571 U.S. 117, 139 n.20 2014) ("A corporation that operates in many places can scarcely be deemed at home in all of them … [n]o decision of this Court sanctions a view of general jurisdiction so grasping.").

### B. Specific Jurisdiction/Maryland's Long-Arm Statute

As described above, the relevant constitutional question in assessing specific jurisdiction is whether an out-of-state defendant has "certain minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken*, 311 U.S. at 463). The Supreme Court has held that "even a single act" between an in-state resident and a non-resident defendant may suffice to establish personal jurisdiction, as long as it creates a "substantial connection" with the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 n. 18 (1985) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). Maryland's long-arm statute was specifically designed to be co-

---

[3] Plaintiff also tries to invoke subsection (b)(4) of the Maryland long-arm statute, which "has been construed as a general jurisdiction statute." *Orbita Telecom SAC v. Juvard LLC*, 606 F. Supp. 3d 240, 250 (D. Md. 2022). This Court has already rejected Plaintiff's general jurisdiction arguments.

6

extensive with due process requirements. *See, e.g.*, *Bond*, 391 Md. at 721; s*ee also* Md. Code Ann., Cts. & Jud. Proc. § 6-103.

In assessing whether specific jurisdiction exists, a court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan*, 293 F.3d at 712). Likewise, under Maryland's long-arm statute, a prerequisite to a plaintiff's assertion of specific jurisdiction is that the plaintiff's cause of action arise out of acts that the defendant performed in or affecting Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 6-103(a) ("If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.")

While Plaintiff asserts the applicability of a number of the other subsections of the long-arm statute, they all fail on that fundamental point set forth in subpart (a) — BANA took no actions in connection with this case that were directed at Maryland or a Maryland resident, and Plaintiff is unable to establish that his cause of action arises from any act otherwise enumerated in the long-arm statute. Instead, BANA's predecessor issued two CDs to Florida residents at a Florida bank. The state of Florida appointed Plaintiff to be the estate representative. The mere fact that, years later, the estate's personal representative entered a BANA branch in Maryland to submit paperwork in his attempt to redeem the CDs for the benefit of that Florida estate does not amount to "actions directed at Maryland" on BANA's part. No injury even accrued in Maryland (or to a Maryland resident) because the only aggrieved entity is the Florida estate. Because BANA's computer system showed that the CDs were closed, the request to redeem the CDs would have

been denied whether Plaintiff entered a BANA location in Florida, Indiana, Texas, or any other location. The various provisions of Maryland's long-arm statute, then, do not provide grounds for an exercise of jurisdiction because the facts of this case simply bear no connection to this state. *See Catalana v. Carnival Cruise Lines, Inc.*, 618 F. Supp. 18, 21 (D. Md. 1984), *aff'd*, 806 F.3d 257 (4th Cir. 1986) (requiring, for subsection (b)(1) of the long-arm statute, "that some purposeful acts have been performed by the defendant in Maryland *in relation to one or more elements of the cause of action.*") (emphasis added)); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 795 F. Supp. 2d 365, 371 (D. Md. 2011) (rejecting jurisdiction under subsection (b)(2) of the long-arm statute where the plaintiff "has not identified any contractual obligation on the part of Maoz to provide services in Maryland." (cleaned up)).

Without any connection between BANA's (or its predecessor's) actions in this case and the forum state, the exercise of jurisdiction over BANA in Maryland would not be constitutionally reasonable, as it would not comport with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. 310). This Court will dismiss Plaintiff's claims without prejudice, allowing them to be refiled in an appropriate jurisdiction.

**IV.    Conclusion**

For the reasons set forth above, BANA's Motion to Dismiss, ECF 9, is GRANTED and Plaintiff's claims are dismissed without prejudice for lack of personal jurisdiction. A separate Order follows.

Dated: May 1, 2025                                           /s/
                                                                   Stephanie A. Gallagher
                                                                   United States District Judge